**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

CONSTRUCTION INDUSTRY AND )
LABORERS HEALTH AND WELFARE )
TRUST, *et al.,* )
                                           Plaintiffs, )
                                                        )     2:11-cv-01579-JCM -VCF
v. )
                                                        )     **O R D E R**
ROAD AND HIGHWAY BUILDERS, LLC, )
                                   Defendant. )

Before the court is defendant Road and Highway Builders, LLC's (hereinafter "RHB") Motion For Leave To File Third Party Complaint. (#15). On January 31, 2011, plaintiffs filed a Notice of Non-Opposition. (#17).

**Background**

Defendant RHB is an engineering contractor specializing in highway construction, and was awarded a construction project known as "Searchlight project." (#15). Defendant RHB contends that since the project required traffic control, it hired Premier Traffic Control, Inc.(hereinafter "Premier") to provide traffic control flagging services. *Id.* On August 1, 2008, defendant RHB and the owner of Premier, Edith Martinez, entered into a subcontract. *Id.* Pursuant to section 9 of the subcontract, Premier was responsible for paying all the costs of its obligations in the performance of the agreement, including charges or annuities imposed or required by any government or labor agreement. *Id.* Premier was also a signatory to a collective bargaining agreement and employed union members as flaggers on the project. *Id.* It was Premier's responsibility, defendant RHB asserts, to make the health and welfare benefit contributions for each employee as specified in the collective bargaining agreement. *Id.*

On September 29, 2011, the Joint Trust Fund plaintiffs filed the instant action against defendant RHB for unpaid contributions. (#1). Defendant RHB asserts that commencing on September 13, 2008,

and ending on October 10, 2009, Premier electronically submitted certified payroll reporting to the Nevada Department of Transportation showing that the employee contributions had been made, when in fact, they had not. *Id.*

**Motion To File Third-Party Complaint**

In the present motion, defendant RHB seeks leave of the court to file a third-party complaint against Edith Martinez, asserting that she may be liable to RHB for express contractual indemnity, *Reyburn Lawn & Landscaping Designers, Inc. v. Plaster Development Company, Inc.,* 127 Nev.Adv.Op. 26, 255 P.3d 268, 274-76 (2011), implied indemnity, *The Doctor's Company v. Vincent*, 120 Nev. 644, 650-51, 98 P.3d 681, 686 (2004), or fraud, *Bernard v. Rockhill Development Company*, 103 Nev. 132, 135, 734 P.2d 1238, 1240 (1987). (#15 and #15-1 Proposed Third Party Complaint).

Pursuant to Federal Rule of Civil Procedure 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Defendant RHB filed its answer on November 2, 2011 (#10), and filed the instant motion on January 25, 2012 (#15). Thus, defendant RHB was required to seek leave of the court to file a third-party complaint. *See* Fed. R. Civ. P. 14(a)(1).

As defendant RHB is asserting that Edith Martinez may be liable for all or part of the claim against it, the court will permit RHB to file a third-party complaint against Edith Martinez. *Id.*

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Road and Highway Builders, LLC's Motion For Leave To File Third Party Complaint (#15) is GRANTED. Defendant RHB shall file and serve its third-party complaint within 14 days from the entry of this order.

DATED this 16th day of February, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

2