UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE BOARD OF TRUSTEES in their capacities as trustees of the CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROAD AND HIGHWAY BUILDERS, LLC,<br><br>Defendant. | 2:11-CV-1579 JCM (VCF) |

**ORDER**

Presently before the court is third party plaintiff Road and Highway Builders, LLC's ("RHB") motion for default judgment against third party defendant Edith Martinez ("Martinez"). (Doc. # 57).

**I.    Background**

On September 29, 2011, the plaintiff trustees, in their capacities as trustees of the Construction Industry and Laborers Health and Welfare Trust Fund *et al.* ("plaintiff trust funds") filed a complaint in this court seeking relief against defendant and third party plaintiff RHB. (Doc. #1). Plaintiff trust funds sought this relief because RHB was the general contractor on a highway project in which a subcontractor failed to pay contractually required fringe benefit contributions to the plaintiff trust funds. (Doc. #1).

. . .

**James C. Mahan**
**U.S. District Judge**

On January 25, 2012, RHB filed a motion for leave to file a third party complaint against Martinez, who signed the subcontract between RHB and subcontractor Premier Traffic Control ("Premier"), Inc. as "the owner" of Premier, on August 1, 2008. (Doc. #15). The court granted RHB's motion on February 16, 2012. (Doc. #18). RHB filed its third party complaint against Martinez on February 16, 2012. (Doc. #19). RHB's third party complaint alleges liability against Martinez for express contractual indemnity, equitable indemnity, and fraud. (*Id.*).

On June 29, 2012, plaintiff trust funds filed a motion for summary judgment against RHB. (Doc. #26). The court granted plaintiff trust funds' motion on November 19, 2012. (Doc. #47). RHB filed a notice of appeal on January 8, 2013. (Doc. #53). Now RHB seeks default judgment against Martinez.[1] (Doc. # 57).

## II.     Preliminary Matter

Despite RHB's appeal of the summary judgment order, this court has continuing jurisdiction to rule on the instant motion. The Ninth Circuit has stated:

> The rule divesting lower courts of jurisdiction of aspects of a case involved in an appeal "'is judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time.'" *United States v. Thorp* (*In re Thorp*), 655 F.2d 997, 998 (9th Cir.1981) (quoting 9 Moore, Federal Practice P 203.11 n. 1); accord *Marino* [*v. Classic Auto Refinishing, Inc.* (*In re Marino*)], 234 B.R. [767,] 769 [ (9th Cir. BAP1999) ]. This rule is not absolute. For example, a district court has jurisdiction to take actions that preserve the status quo during the pendency of an appeal, *see Securities and Exch. Comm'n v. American Capital Invs., Inc.*, 98 F.3d 1133, 1146 (9th Cir.1996); *see also Mirzai* [*Hill & Sandford, LLP v. Mirzai* (*In re Mirzai*)], 236 B.R. [8,] 10 [ (9th Cir. BAP1999) ], but "'may not finally adjudicate substantial rights directly involved in the appeal.'" *McClatchy Newspapers v. Central Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734–35 (9th Cir.1982) (quoting *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177, 42 S.Ct. 264, 66 L.Ed. 538 (1922)); *see also Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F .2d 1398, 1403 (9th Cir.1988). Absent a stay or supersedas, the trial court also retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment. *See Bennett v. Gemmill* (*In re Combined Metals Reduction Co.*), 557 F.2d 179, 190 (9th Cir.1977); *Hagel v. Drummond* (*In re Hagel*), 184 B.R. 793, 798 (1995); *Marino*, 234 B.R. at 770.

---

[1] RHB alleges that Martinez is liable for the unpaid fringe benefits because she signed the subcontract as "owner" of Premier which contained an indemnification provision (§ 9) and because fraudulently misrepresented to RHB that Premier had paid fringe benefit contributions, when in fact it had not. (*See* doc. # 19).

**James C. Mahan**
**U.S. District Judge**

- 2 -

*In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000), partially superseded by statute on other grounds, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat. 23;3 *see also Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, No. C 06–06997 JSW, 2007 WL 4591729, at *1 (N.D.Cal. Dec. 28, 2007) ("The trial court retains the inherent power 'during the pendency of an appeal to act to preserve the status quo and to ensure the effectiveness of the eventual judgment.'" (some citations omitted) (quoting *Tribal Village of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir.1988))); *see also Marisco, Ltd. v. Am. Samoa Gov't*, CIV. 10-00137 LEK, 2012 WL 4764590, at *3-*4 (D. Haw. Oct. 5, 2012).

Here, evaluating whether default judgment entered against third party defendant, Martinez, is proper, does not materially alter the status of the case during RHB's appeal of the summary judgment order. In the summary judgment order, the court held that RHB was liable to plaintiff trust funds for Premier's unpaid fringe benefit contributions. (Doc. # 47). Granting default judgment against Martinez would preserve the status quo because she has already defaulted by failing to answer or otherwise respond to RHB's third party complaint following service. (Doc. # 23). Further, entering default judgment would ensure the effectiveness of eventual judgment in this case, as RHB may submit a suitable judgment against Martinez, if appropriate, following appeal. Therefore, the court concludes that it has jurisdiction to consider the instant motion.

**III.    Discussion**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On January 30, 2013, the clerk's office entered default as to Martinez. (Doc. #56).

Pursuant to Federal Rule of Civil Procedure 55(b)(1), RHB now requests the clerk of the court to enter default against Martinez."If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk– on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P.

1   55(b)(1).

2   Because of the pending appeal, the court finds the clerk's entry of default judgment in a
3   specific amount improper, as this amount is at issue on appeal. Thus, the court determines whether
4   default judgment is appropriate under Fed. R. Civ. P. 55(b)(2), without computation of the amount
5   due.

6   In the third party complaint, RHB argues that Martinez is liable for express contractual
7   indemnity, implied indemnity, and fraud. The court finds that the allegations in the third party
8   complaint insufficient to establish liability against Martinez for express contractual indemnity and
9   implied indemnity.[2] Thus, the court's analysis of default judgment is limited to RHB's fraud claim
10  against Martinez.

11  The choice whether to enter a default judgment lies within the discretion of the trial court.
12  *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a
13  default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782
14  F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2)
15  the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5)
16  the possibility of a dispute concerning material facts, (6) whether default was due to excusable
17  neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "the
18  factual allegations of the complaint, except those relating to the amount of damages, will be taken

---

[2] Analyzing only the allegations in the third party complaint, the court finds that express contractual indemnity and implied indemnity inappropriate. Premier is incorporated and NRS § 78.747 requires RHB to demonstrate that Martinez is or was Premier's alter ego before the court could hold her personally liable for Premier's obligations. *See Webb v. Shull*, 270 P.3d 1266, 1271 (Nev. 2012). NRS § 78.747 "provides that a stockholder, director, or officer is not liable for the debt of a corporation, unless the corporation is influenced and governed by the individual, the corporation and the individual are inseparable from each other through unity of interest and ownership, and adherence to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice." *Webb*, 270 P.3d at 1271. Because RHB's third party complaint does not establish that Martinez was Premier's alter ego, the court does not find default judgment on claim appropriate.

Further, implied indemnity is not proper because "implied indemnity allows a complete shifting of responsibility to an 'indemnity obligor' when the party seeking indemnity has extinguished its liabilities incurred as a result of the indemnity obligor's 'active' fault." *The Doctors Co. v. Vincent*, 120 Nev. 644, 651 (2004). RHB has not paid on the judgment in favor of plaintiff trust funds and therefore has not yet extinguished its liabilities. Thus default judgment on the implied indemnity claim is also inappropriate. Further, Premier, not Martinez, had an obligation to make fringe benefit payments. Therefore, the court will discuss only RHB's claim of fraud as it relates to RHB's motion for default judgment.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); see FED.R.CIV.P. 9(b).

2  Here, the first *Eitel* factor weighs in favor of granting RHB's motion for default judgment.
3  A plaintiff is prejudiced when the defendant fails to respond because there is no other recourse for
4  recovery. *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal.
5  2003). Martinez failed to answer or otherwise responded to RHB's third party complaint. By doing
6  so, Martinez is deemed to have admitted the truth of RHB's averments as to fraud. *Id.* The court
7  finds that if RHB's motion for default judgment cannot be granted here, RHB "will likely be without
8  other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 283 F.Supp.2d 1127, 1177 (C.D.
9  Cal. 2002).

10  The second *Eitel* factor favor a default judgment where the claims are meritorious. *See Cal.*
11  *Security Cans*, 238 F.Supp.2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)).
12  RHB's third party complaint states a plausible claim of fraud against Martinez. (*See* doc. # 19). Thus,
13  the court finds the claim for fraud meritorious.

14  The third *Eitel* factor is neutral. If RHB's fraud claim was scrutinized on a contested basis
15  under the scrutiny of Rule 9, it is unlikely that RHB's complaint would be considered to be
16  sufficiently pled. However, Martinez waived her right to contest RHB's complaint and subject the
17  allegations to this higher pleading standard when she failed to file a responsive pleading. Thus, the
18  court finds that this factor weighs neither in favor nor against default judgment.

19  Under the fourth *Eitel* factor, the court considers "the amount of money at stake in relation
20  to the seriousness of defendant's conduct." *See Cal. Security Cans*, 238 F.Supp.2d at 1176. Here,
21  the damages requested is the amount of money Premier was to pay to plaintiff trust funds as a
22  subcontractor to RHB. But for Martinez's fraud, RHB would not have been subject to the judgment
23  against it. The fourth *Eitel* favors default judgment.

24  The fifth *Eitel* factor also favors default judgment. Because there has been a default entered
25  against Martinez, the third party complaint is taken as true. *Elektra Entm't Group, Inc. v. Crawford*,
26  226 F.R.D. 388, 393 (C.D. Cal. 2005). Thus, given the sufficiency of the allegations of Martinez's
27  fraud and the claims made against Martinez in the underlying action, "no genuine dispute of material

28

1  facts would preclude granting [RHB's] motion." *Cal. Security Cans*, 238 F.Supp.2d at 1177; *see*

2  *Geddes*, 559 F.2d at 560.

3        Applying the sixth *Eitel* factor, the court cannot conclude that Martinez's default is due to

4  excusable neglect. Martinez was properly served with summons and the third party complaint. (*See*

5  doc. # 23). The court finds that her failure to respond or litigate this case cannot be attributable to

6  excusable neglect. *See United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th

7  Cir. 1993) (holding that it was "perfectly appropriate" for the district court to enter default judgment

8  against a corporation that failed to appear in the action through licensed counsel).

9        The final *Eitel* factor weighs against default judgment. "Cases should be decided upon their

10  merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b)

11  "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*, 238 F.Supp.

12  at 1177 (citation omitted). Moreover, Martinez's failure to answer or otherwise respond to the

13  complaint "makes a decision on the merits impractical, if not impossible." *Id.*

14        Having reviewed RHB's motion and having considered the *Eitel* factors as a whole, the court

15  concludes that the entry of default judgment is appropriate against Martinez only as to RHB's fraud

16  claim.

17  **IV.   Conclusion**

18        Accordingly,

19        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that third party plaintiff Road

20  and Highway Builder, LLC's motion for default judgment against third party defendant Edith

21  Martinez (doc. # 57) be, and the same hereby is, GRANTED.

22        IT IS FURTHER ORDERED that Road and Highway Builders, LLC prepare and submit a

23  suitable judgment.

24        DATED March 29, 2013.

                                                             UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -